## JONES, trustee, *vs.* WINANS.

A creditor holding no judgment or other lien upon property, a mortgage whereon is sought to be foreclosed, but whose only claim is upon an award by which the mortgagor was adjudged to owe him several thousand dollars, is not a necessary party to the bill to foreclose, and can not be admitted to defend the suit, upon petition. He could not properly be made a defendant. It does not affect the case, that the submission provided that unless the mortgagor should pay the amount which should be awarded within a time limited, or give a mortgage to secure its payment, that the submission might be made a rule of court. Case distinguished from *Melick* v. *Melick's Ex'rs*, 2 *C. E. Green* 156.

On petition of Michael M. Williams to be permitted to defend the suit, and to be made a defendant thereto.

*Mr. F. B. Chetwood,* for petitioner.

*Mr. C. Parker,* contra.

THE CHANCELLOR.

The petitioner does not appear by the facts set forth in the petition, to have any interest in the property which the bill in this case seeks to foreclose, on behalf of the complainant, who holds a mortgage upon it. He has no judgment or other lien upon the property. His only claim is upon an award, by which the mortgagor, John T. Winans, was adjudged to owe him several thousand dollars. The submission provided that unless Winans should pay the amount which should be awarded within a time limited, or give a mortgage on a certain parcel of land to secure the payment, the submission might be made a rule of court. There was no other agreement to give a mortgage. The petitioner has no judgment or other lien on the land; his whole claim is upon this submission. The petitioner has clearly no lien or claim on the land; he is in the position in which any creditor at large of Winans stands. No such creditor is a necessary

party to a bill to foreclose; nor could he be properly made a defendant.

There is no authority or precedent for such order as is asked for in this case, and it is against the settled principles on which the practice of the court is founded. There is no precedent for allowing any one not a party to the suit to intervene by petition, and on his own motion to be made a party, except in such case as that in *Melick* v. *Melick's Ex'r*, 2 *C. E. Green* 156, where a *cestui que trust* was permitted to litigate in the name of his trustee, who was a defendant, but was in a position to have more interest or leaning in favor of the complainant than of his *cestui que trust*.